## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

              **Plaintiff,**                          Case No. 16-20759

v.                                                 Hon. Victoria A. Roberts

**D-1    JOSEPH A. JACQUES,**

              **Defendant.**

_____/

### EMERGENCY MOTION FOR COMPASSIONATE RELEASE

      Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603(b)(1) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194,5239 (December 21, 2018), Defendant Joseph Jacques respectfully requests this Court to enter an order reducing his sentence based on "extraordinary and compelling reasons" that include his serious medical conditions and the COVID-19 pandemic that has impacted the Federal Bureau of Prisons and the Federal Medical Center (FMC) Fort Worth where he is incarcerated. The grounds for his motion are set forth in more detail in his attached Brief in Support.

      Defendant asks for this motion to be heard on an emergency or expedited basis for several reasons: because his multiple health conditions place him at a higher risk for severe illness from COVID-19; because of the highly unpredictable and severe nature of the novel COVID-19 disease and pandemic; and, because there are positive COVID-19 test results and deaths of inmates from the virus at Fort Worth Federal Medical Center (FMC) where Mr. Jacques is incarcerated.

As of June 3, 2021, there is reported to have been 1,231 inmates at Fort Worth FMC. According to the BOP website, 45,367 inmates have contracted the COVID-19 disease and 6,837 BOP staff have contracted the disease. There have been 237 inmate deaths attributed to the COVID-19 disease along with 4 BOP staff members.

Defendant also asks this Court to consider this motion on an emergency of expedited basis because Mr. Jacques' current health status. Mr. Jacques has had an urgent need for surgery since at least November of 2020 when he was moved to a tent, and now is awaiting a transfer and sleeping on the floor without proper medical supplies.

Respectfully submitted,

s/       John W. Brusstar
**John W. Brusstar (P36920)**
Attorney for Defendant
615 Griswold, Ste. 1120
Detroit, MI 48226
(313) 268-6888
E-mail: johnbrusstar@yahoo.com

Dated: June 5, 2021

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**                      Cr. No. 16-20759

       v.                              Hon. Victoria A. Roberts

**D-1, JOSEPH A. JACQUES,**

        **Defendant.**

_____/

**BRIEF IN SUPPORT OF EMERCENCY MOTION**
**FOR COMPASSIONATE RELEASE PURSUANT TO § 3582(c)**

**I.  INTRODUCTION**

Defendant Joseph Jacques asks this Court to grant his Emergency Motion for Compassionate Release pursuant to the First Step Act because "extraordinary and compelling reasons warrant such reduction."  18 U.S.C. § 3582(c)(1)(A)(i).

Mr. Jacques is 35 years old, wheelchair-bound, and suffers from serious health conditions including spinocerebellar ataxia, an irreversible, incurable brain disorder and perirectal wounds with fistula which requires surgery.  These and his other serious medical conditions are extraordinary and compelling reasons that warrant compassionate release.  The spread of COVID-19 at Fort Worth FMC where he is incarcerated for medical treatment exposes him to more serious health consequences because of his conditions if he contracts the disease.

3

Mr. Jacques is awaiting surgery and a medical transfer and is still being held at the prison and not a hospital.  In his part of the prison, he sleeps on the floor, can only shower three times a week and they have not provided him with the medical supplies necessary to take care of his wounds.  He has gone without adult diapers for over a week and was forced to lie in the fluids draining from his wounds.  As part of the medical transfer, he is seeing a neurologist, Dr. Orr, from University of North Texas, for his familial, hereditary, irreversible, incurable brain disorder.

Mr. Jacques' request for compassionate release is also supported by § 3553(a) factors.  These include his custody for over four years and his diminished physical condition.  These factors represent reasons why his release now for compassionate reasons demonstrate the Mr. Jacques will present no risk to the community upon release and that his penalty has been significant.

The emergency nature of Mr. Jacques' motion is created by the COVID-19 pandemic rapid and unpredictable spread within the BOP and at Fort Worth FMC where of 1,231 inmates, 640 have recovered from COVID-19, and 20 staff and 11 inmates are currently positive for COVID-19.  According to BOP data available as of June 3, 2021, 237 inmates have died from the coronavirus.  Regrettably, on November 23, 2020, Mr. Jacques was moved to a tent at Fort Worth FMC and was not receiving his medicines.  Social distancing and other protective measures are realistically impossible in custody leaving him at high risk for exacerbating his current medical conditions or death because of his current health problems.  Since then, he is still in a wheelchair and needs colorectal surgery.

## II.  FACTUAL BACKGROUND

Mr. Jacques was charged on October 2, 2015 with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  On March 20, 2018 he received a sentence for that crime by this Honorable Court of 96 months incarceration with a 60-month term of Supervised Release.  His release date from FMC Fort Worth is currently set at July 9, 2021.

During the pendency of Mr. Jacques' case, he was released on bond with many conditions and was compliant for over two and one-half years.  Mr. Jacques was placed on Home Detention with location monitoring on October 2, 2015 with a third-party custodian.  He participated in treatment and adhered to a computer restriction program monitored by pretrial services personnel.

## III.  THIS COURT HAS AUTHORITY TO GRANT MR. JACQUES' RELEASE FROM CUSTODY FOR COMPASSIONATE REASONS ON EXTRAORDINARY AND COMPELLING GROUNDS.

This Court has authority to grant Defendant Jacques' request for compassionate release because more than 30 days have elapsed since his request was submitted to his warden.  Defendant exhausted his administrative remedies with his letter submitted to the warden on or about August 20, 2020.

Section 3582(c)(1)(A) authorizes this Court to grant Mr. Jacques' request on compassionate grounds on the defendant's motion after a "lapse of 30 days from the receipt of [such] a request," for "extraordinary and compelling reasons."  *United States v. Alam,* 960 F.3d 831, 834 (6th Cir. 2020); *First Step Act of 2018,* Pub.L. No. 115 392, 132 State. 5239.

The statute has two basic requirements, that the 30-day time period has elapsed after presentation of the defendant's request and that there are extraordinary and compelling reasons. Both are met here.

**IV. EXTRAORDINARY AND COMPELLING REASONS SUPPORT DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE.**

**A. This Court Should Exercise Its Discretion to Determine That The COVID-19 Pandemic and Mr. Jacques' Serious Medical Conditions Are Extraordinary and Compelling Reasons That Warrant His Compassionate Release.**

The First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes this Court to grant Mr. Jacques compassionate release motion for "extraordinary and compelling reasons." When a motion for compassionate release has been filed by an incarcerated person and not the BOP, the court has "full discretion to define extraordinary and compelling." It need not consult the USSG § 1B1.13 policy statement. *United States v. Jones,* __F.3d__, No. 20-3701, 2020 WL 68817488, *6(6th Cir. Nov. 20, 2020). Mr. Jacques' illnesses discussed below in more specifics together with the pandemic conditions within the BOP that expose him to more serious consequences from the disease are clearly "extraordinary and compelling" reasons that warrant compassionate release.

Since passage of the First Step Act, courts have recognized "extraordinary and compelling reasons" in several circumstances. In particular, as the BOP faces a rapidly escalating health crisis because of COVID-19, most courts have been recognizing that at-risk inmates, like JACQUES, meet the standard for compassionate release. The pandemic alone is an extraordinary circumstance, and when faced with

6

an offender with pre-existing health problems rendering them vulnerable to severe complications from COVID-19, courts are exercising their authority to grant release under § 3582(c)(1)(A)(i). For examples early on from this district alone, *see United States v. Saladrigas,* Cr. No. 13-20913, ECF No. 129, Order Granting Release (E.D. Mich. May 13, 2020)(Borman, J); *Miller v. United States,* Cr. No. 16-20222-1, 2020 WL 1814084 (E.D. Mich. Apr. 9, 2020)(Tarnow, J.); *United States v. Reddy,* Cr. No. 13-20358, 2020 WL 2320093, at *4(E.D. Mich. May 11, 2020)(Leitman, J.); *Samy v. United States,* Cr. No. 16-20610-1, 2020 WL 1888842 (E.D. Mich. Apr. 16, 2020)(Tarnow, J.); *United States v. Amarrah,* Cr. No. 17-20464, 2020 WL 2220008 (E.D. Mich. May 7, 2020)(Levy, J.); *United States v. Atwi,* Cr. No. 18-20607, 2020 WL 1910152 (E.D. Mich. Apr. 20, 2020)(Michelson, J.); *United States v. Saad,* Cr. No. 16-20197, 2020 WL 2251808, at *1 (E.D. Mich. May 5, 2020)(Hood, C.J.). Dozens more have been granted since, particularly when, as here, the offender in non-violent and was bond-compliant.

Presently, Mr. Jacques' physical condition is deteriorating owing to his need for colorectal surgery. He is wheelchair-bound and is facing dire consequences if not given the proper medical care. His open wounds he presently has cannot be properly cared for in a prison setting. In sum, upon consideration of precedent for granting compassionate release and the particular facts of his case, Mr. Jacques has presented extraordinary and compelling circumstances under 18 U.S.C. § 3582(c).

  **B.** **The COVID-19 Pandemic and its Presence Within the BOP Are Extraordinary and Compelling Reasons That Warrant Mr. Jacques' Compassionate Release**

Since March 11, 2020 when the World Health Organization (WHO) declared COVID-19 a pandemic, the virus has grown aggressively to become a world-wide health crisis that has captured the public's attention on a daily basis. It has not spared inmates or staff of the BOP. Further, there has been an outcry from BOP staff about how poorly this crisis is being handled by the BOP. Staff has filed an OSHA complaint alleging the BOP has "failed to introduce workplace controls to mitigate or prevent exposure or further exposure to the virus."

### C. Determination of Dangerousness to the Community and the 18 U.S.C. § 3553(a) Factors

The Court must also consider the sentencing factors under 18 U.S.C. § 3553(a) and determine whether such factors support or undermine the sentence reduction. *See* U.S.S.G. § 1B1.13. The factors set forth in § 3553(a) include a defendant's history and characteristics; the nature and circumstances of the offense; due consideration of the seriousness of the offense; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; and providing him or her with any necessary correctional services and treatment. *See* U.S.S.G. § 1B1.13

Mr. Jacques is not a danger if released to home confinement. He does not have a violent history. He complied with bond for almost two years during the pendency of his case under a third-party custodian, and this Court permitted him self-surrender. Mr. Jacques maintained clean conduct for almost four years. He has no disciplinary actions and is scored by the BOP as a "minimum risk" of recidivism.

Mr. Jacques has fully complied with all BOP programs and regulations while incarcerated at FMC Fort Worth.

While on bond during the district court proceedings and continuing through current custody, Mr. Jacques has adhered to court and prison directives. He was employed while the district court was pending. He had very restrictive conditions of home detention and location monitoring technology. Mr. Jacques complied fully with his pretrial release conditions and did not engage in any anti-social or inappropriate behavior. He has a very supportive family, including his mother and brother whom he lived with while this case was pending. He has an extensive support system so this Court should not have any hesitation to release Mr. Jacques to home confinement.

## **CONCLUSION**

Mr. Joseph Jacques respectfully requests compassionate release because his very serious medical conditions are an increased risk of more severe illness or death during the COVID-19 pandemic and because his release will be consistent with § 3553(a).

He, therefore, requests that this Court order his immediate release and a term of Supervised Release or Supervised Release with a condition of Home Confinement as it determines necessary to further satisfy the purposes of § 3553.

Respectfully Submitted,

s/        John W. Brusstar
**John W. Brusstar**
615 Griswold, Ste. 1120
Detroit, Michigan 48226
Phone: 313-268-6888
E-mail: johnbrusstar@yahoo.com

Dated:  June 5, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system that will send notification of such filing to all parties of record.  I further certify that a copy of the foregoing document will be sent to the Defendant via U.S. Postal Mail to the below address:

Joseph A. Jacques
Register No. 51468-039
FMC Fort Worth
P.O. Box 15330
Fort Worth, TX 76119

                                                  s/          John W. Brusstar
                                                  **John W. Brusstar (P36920)**
                                                  615 Griswold, Suite 1120
                                                  Detroit, MI 48226
                                                  (313) 268-6888
                                                  johnbrusstar@yahoo.com