UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,
v.                                     Case No. 16-20759
                                       Honorable Victoria A. Roberts

JOSEPH ANDREW JACQUES,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION
FOR SENTENCE REDUCTION [ECF No. 69]**

**I.    INTRODUCTION**

This matter is before the Court on Joseph Jacques' motion under 18 U.S.C. § 3582(c)(1)(A). He asks the Court to release him due to his increased risk of contracting COVID-19 and conditions at Federal Medical Center ("FMC") Fort Worth.

For the reasons stated below, the Court **GRANTS** Jacques' Emergency Motion for Immediate Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

**II.    BACKGROUND**

In June 2017, Jacques pled guilty to one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2552(a)(5)(B). The Court sentenced

him to 96 months incarceration with a 60-month term of supervised release. Jacques has served approximately 38 months of his 96-month sentence. His projected release date is July 9, 2025.

Jacques is 35 years old and suffers from a myriad of medical conditions including: spinocerebellar ataxia (a brain disorder) and perirectal wounds with fistula which require colorectal surgery. Due to his medical conditions, he is wheelchair bound. He serves his sentence at FCM Fort Worth in Texas. Jacques received both doses of Phizer's COVID-19 vaccine.

On June 6, 2021, Jacques filed a motion for compassionate release. The government opposes it.

### III.  DISCUSSION

18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons who demonstrate "extraordinary and compelling" circumstances. *See United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020); *see also* 18 U.S.C. § 3582(c)(1)(A).

After the movant satisfies § 3582's exhaustion requirement, the Court engages in a "three-step" inquiry:

> (1) the Court must "find that extraordinary and compelling reasons warrant a sentence reduction";

(2) the Court must ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission and;

(3) finally, the Court must "consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."

*United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). "If each of these requirements [is] met, the district court may reduce the term of imprisonment. 18 U.S.C. § 3582(c)(1)(A)." District courts have "full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones* at 1111.

### A. Jacques Exhausted Administrative Remedies

An imprisoned person may file a motion for sentence reduction only after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request – whichever is earlier." *Jones* at 1105; 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit held that exhaustion of administrative remedies is a "mandatory condition" before a defendant can file a motion for sentence reduction. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). A defendant seeking a reduction in his term of prison bears the burden to establish that he has exhausted administrative remedies. *Id.* at 836; 18 U.S.C. § 3582(c)(1)(A); *see, e.g.*,

*United States v. Walls*, 455 F. Supp. 3d 461, 465 (E.D. Mich. 2020); *United States v. Rodriguez*, No. 15-198, 2020 WL 5369400, at *2 (E.D. La. Sept. 8, 2020).

Jacques says he satisfied his exhaustion requirement. Jacques provided a copy of his email request for compassionate release which he sent to Warden Wilson on August 21, 2020. He filed his compassionate release motion with the Court on June 5, 2021 – well beyond the 30-day threshold. Jacques satisfies the exhaustion requirement. *See Alam*, at 832.

**B. Extraordinary and compelling**

Jacques says his illnesses along with the uncontrolled pandemic conditions within the BOP are "extraordinary and compelling" reasons that warrant release. Jacques suffers from spinocerebellar ataxia and perirectal wounds with fistula which, he says, require surgery.

The government acknowledges these conditions but says that the spinocerebellar ataxia and perirectal wounds with fistula are reasonably controlled with care provided by the institution.

Spinocerebellar ataxia is a degenerative disease which results in the deterioration of the cerebellum and spinal cord. Jacques says the condition affects his movement and he struggles to be ambulatory. [PSR 58]. FMC doctors noted Jacques experienced difficulty walking, coordination of

4

movement and some problems with speech. [ECF No. 74-1 *SEALED*, PageID.467]. As a result, Jacques is now wheelchair bound. [ECF No. 73, PageID.443].

Although there is no known correlation between spinocerebellar ataxia and an increased risk of serious illness from COVID-19, the condition in conjunction with other health conditions has been considered extraordinary and compelling. *See United States v. Jaen*, No. 91-00814-CR, 2020 WL 4209283, at *2 (S.D. Fla. July 6, 2020) (finding health conditions extraordinary and compelling when defendant suffered from hypertension, atrial fibrillation, ataxia, and diabetes).

The government contends that Jacques receives adequate treatment. However, on May 17, 2021, FMC Physician David Orr described Jacques' condition as a "moderately severe" neurodegenerative inherited spinal cervical ataxic disease for which there is no definitive cure. [ECF No. 74-3 *SEALED*, PageID.493]. The FMC medical staff can only provide symptomatic treatment. *Id*. Although the medication Jacques receives does appear to help, the nature of a neurodegenerative disease is that it progressively worsens over time. The Court finds that Jacques' spinocerebellar ataxia – a condition without a cure – supports a finding of extraordinary and compelling.

Jacques also suffers from perirectal wounds with fistula. This condition results in lesions, open abscesses, and infected areas of cavity-filled pus found near the anus or rectum. *See* https://surgery.ucsf.edu/conditions--procedures/perirectal-abscessfistula.aspx. While the government contends Jacques receives adequate medical treatment, the medical records reveal a contrasting story. In 2019, Jacques underwent surgery designed to remove external hemorrhoids and a left perineal mass. In March of 2021, FMC medical staff determined that the surgery only removed some of the disease but not all. Although the BOP prescribed doxycycline, Jacques still experiences breakthrough flares of his disease. [ECF No. 74-3 *SEALED*, PageID.495]. Now, surgery is suggested again. [ECF No. 74-3 *SEALED*, PageID.497].

These severe illnesses demonstrate a substantial inability to provide self-care within prison. Notwithstanding Jacques' vaccination status, the Court finds Jacques spinocerebellar ataxia and perirectal wounds with fistula to be extraordinary and compelling.

**C. Section 3553(a) Factors**

The § 3553(a) factors weigh in favor of Jacques' release. § 3553(a) factors include a defendant's history and characteristics; the nature and circumstances of the offense; due consideration of the seriousness of the

6

offense; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; and providing him or her with any necessary correctional services and treatment.

Jacques pled guilty to one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2552(a)(5)(B). The Court agrees that the nature and circumstances of Jacques' offense are serious, and that there is a need for his sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence.

Jacques has served three years of his sentence — a substantial punishment that accounts for each of these § 3553(a) factors.

Additionally, Jacques behavior while on bond and incarcerated gives the Court confidence that he will abide by the conditions of release. While Jacques' case was pending, he was compliant with all bond conditions. He participated in treatment, complied with location monitoring and adhered to a computer restriction program monitored by pretrial services. The BOP classified Jacques as a "minimum risk" of recidivism.

Once released, Jacques plans to live with his mother, whom he resided with without incident while this case was pending. Jacques already has

arranged for medical care through a team of outside doctors. He notes he also has been approved for disability insurance.

While the nature and circumstances of Jacques' offense certainly weigh against release, there is no need to continue Jacques' incarceration to protect the public. His history and medical conditions justify release.

## IV. CONCLUSION

The Court **GRANTS** Jacques' Emergency Motion for Immediate Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court reduces Defendant's sentence to time served. Upon release from imprisonment, Jacques must be on supervised release for a term of 60 months. The costs of supervision are waived. His conditions of release include:

Mandatory Conditions

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must cooperate in the collection of DNA as directed by the probation officer.
4. You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state

sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions listed below.

Standard Conditions of Supervision

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from

doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

## Special Conditions Of Supervision

1. The defendant shall take all medications as prescribed by a physician whose care he is under, including a psychiatrist, in the dosages and at the times proposed. If the defendant is prescribed a medication, he shall take it, and the defendant shall not discontinue medications against medical advice.

2. The defendant shall participate in a program approved by the probation department for mental health counseling, if necessary.

3. The defendant shall submit to a psychological/psychiatric evaluation as directed by the probation officer, if necessary.

4. The defendant shall participate in a program approved by the probation department for substance abuse, which may include testing to determine if the defendant has reverted to the use of drugs or alcohol, if necessary.

5. The defendant shall not use or possess alcohol in any consumable form, nor shall the defendant be in the social company of any person whom the defendant knows to be in possession of alcohol or illegal drugs or frequent an establishment where alcohol is served for consumption on the premises, with the exception of restaurants.

6. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the United States Bureau of Prisons, or any state sex offender registration agency in which he/she resides, works, is a student, or was convicted of a qualifying offense.

7. The defendant shall successfully complete any sex offender diagnostic evaluations, treatment or counseling programs, as directed by the probation officer. Reports pertaining to sex offender assessments and treatment shall be provided to the probation officer. Based on the defendant's ability to pay, the defendant shall pay the cost of diagnostic

evaluations, treatment or counseling programs in an amount determined by the probation officer.

8. The defendant shall be required to submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure compliance with the requirements of supervision or treatment. No violation proceedings will arise solely on the results of a polygraph examination. Based on the defendant's ability to pay, the defendant shall pay the cost of the polygraph examination in an amount determined by the probation officer.

9. The defendant shall not have contact, directly or indirectly, with any victim or witness in the instant offense, unless approved by the probation officer.

10. The defendant shall not purchase, sell, view, or possess images, in any form of media or live venue that depict pornography, sexually explicit conduct, child erotica, or child nudity. The defendant shall not patronize any place where such material or entertainment is available.

11. The defendant shall provide the probation officer with accurate information about all computer systems (hardware/software), all passwords and Internet Service Provider(s), that the defendant has potential access to and abide by all rules of the United States

Probation Department's Computer Monitoring Program. The defendant shall only access a computer approved by the probation officer. The defendant shall consent to the probation officer conducting periodic, unannounced examinations of all computer systems, which may include computer monitoring software at the defendant's expense. For the purpose of accounting for all computers, hardware, software and accessories, the defendant shall submit his/her person, residence, computer and/or vehicle to a search conducted by the United States Probation Department at a reasonable time and manner. You shall inform any other residents that the premises and your computer may be subject to a search pursuant to this condition. The defendant shall provide the probation officer with access to any requested financial information including billing records (telephone, cable, internet, satellite, etc.).

**IT IS ORDERED**.

s/ Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated:  August 5, 2021